# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DANA DAVIS, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) EQUIFAX INFORMATION SERVICES LLC, ) KROSS, LIEBERMAN & STONE, INC., ) CREDIT SOLUTIONS CORPORATION and ) WYNDHAM RESORT DEVELOPMENT ) CORPORATION, d/b/a WORLDMARK ) BY WYNDHAM, ) ) Defendants. ) | Civil Action No. 3:18-cv-00436-MOC-DSC |

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Dated: October 4, 2018

Zachary A. McEntyre (*pro hac vice*)
Meryl W. Roper (*pro hac vice*)
Brandon R. Keel (*pro hac vice*)
Melanie Papadopoulos (*pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, GA 30309
Tel: 404-572-4600
Fax: 404-572-5100
zmcentyre@kslaw.com
mroper@kslaw.com
bkeel@kslaw.com
mpapadopoulos@kslaw.com

*Counsel for Defendant Equifax Information Services, LLC*

Bradley Lingo
North Carolina Bar No. 44018
KING & SPALDING LLP
300 South Tryon Street
Suite 1700
Charlotte, North Carolina 28202
Tel: (704) 503-2573
Fax: (704) 503-2622
blingo@kslaw.com

*Local Rule 83.1 Counsel*

Defendant Equifax Information Services LLC ("Equifax"), through its undersigned counsel, submits this Answer and Affirmative Defenses to the Class Action Complaint ("Complaint") filed by Plaintiff Dana Davis ("Plaintiff").

## PRELIMINARY STATEMENT

Except as expressly admitted herein, Equifax denies any and all allegations in the Complaint. Equifax also denies any and all allegations in the headings and/or the unnumbered paragraphs of the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. Equifax states that the allegations contained in Paragraph 1 are a narrative to which no response is required. Equifax further states that the holding in *Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 505 (4th Cir. 2007) speaks for itself, and to the extent that Plaintiff misquotes, misstates, misrepresents, and/or mischaracterizes it, the allegations in Paragraph 1 are denied.

2. Equifax states that the legislative history and provisions of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA") cited in Paragraph 2 speak for themselves. To the extent that Plaintiff misquotes, misstates, misrepresents, and/or mischaracterizes the legislative history or cited provisions of the FCRA, Equifax denies the allegations in Paragraph 2.

3. Equifax states that the content of Plaintiff's credit report speaks for itself and that Equifax otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Equifax denies the allegations in Paragraph 5.

6. Equifax admits that Plaintiff purports to bring this lawsuit for alleged violations of the FCRA. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6.

7. Equifax admits that it received multiple disputes from Plaintiff in 2017 and 2018. Equifax states that the disputes and any communications between Plaintiff and Equifax speak for themselves. Equifax denies the remaining allegations in Paragraph 7.

8. Equifax states that the provisions of the FCRA speak for themselves. To the extent that Plaintiff misquotes, misstates, misrepresents, and/or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 8. Equifax further denies the remaining allegations in Paragraph 8.

9. Equifax states that the provisions of the FCRA speak for themselves. To the extent that Plaintiff misquotes, misstates, misrepresents, and/or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 9. Equifax admits that Plaintiff purports to bring a claim on behalf of himself and a putative North Carolina class, but Equifax denies that this case is suitable for class wide treatment. Equifax further denies that it fails to comply with the FCRA and that Plaintiff, or any other individual, was subject to illegal treatment by Equifax.

10. Equifax admits that Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs, but Equifax denies that Plaintiff is entitled to any relief.

## JURISDICTION

11. Equifax admits that this Court has jurisdiction over Plaintiff's asserted claims against Equifax based on the allegations in the Complaint. Equifax denies that it violated Plaintiff's rights under the FCRA.

12. Equifax admits that venue is proper in this District for Plaintiff's asserted claims against Equifax based on the allegations in the Complaint. Equifax, however, denies that venue is proper in this District for Count VI of the Complaint in light of a previously-filed putative class action asserting the same claim that is pending in the United States District Court for the Western District of Washington, captioned *Berg v. Equifax Information Services LLC*, Case No. 3:18-cv-05339. Accordingly, Equifax is moving to dismiss or stay Count VI in deference to the earlier filed *Berg* action.

## PARTIES

13. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Equifax admits the allegations in Paragraph 14.

15. Equifax admits the allegations in Paragraph 15.

16. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

## FACTUAL ALLEGATIONS

19. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Equifax admits that it received multiple disputes from Plaintiff in October 2017 and further states that any such disputes or communications made between Plaintiff and Equifax speak for themselves. To the extent that Plaintiff misquotes, misstates, mischaracterizes, or takes out of context such disputes or communications with Equifax, the allegations in Paragraph 21 are denied. Equifax further states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21.

22. Equifax states that any communications made between Plaintiff and Equifax speak for themselves. To the extent that Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the communications between Plaintiff and Equifax, the allegations in Paragraph 22 are denied. Equifax further states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22.

23. Equifax states that any communications made between Plaintiff and Equifax speak for themselves. To the extent that Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the communications between Plaintiff and Equifax, the allegations in Paragraph 23 are denied.

24. Equifax states that any communications made between Plaintiff and Equifax speak for themselves. To the extent that Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the communications between Plaintiff and Equifax, the allegations in Paragraph 24 are denied.

25. Equifax states that any communications made between Plaintiff and Equifax speak for themselves. To the extent that Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the communications between Plaintiff and Equifax, the allegations in Paragraph 25 are denied.

26. Equifax states that any communications made between Plaintiff and Equifax speak for themselves. To the extent that Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the communications between Plaintiff and Equifax, the allegations in Paragraph 26 are denied. Equifax further denies that it has a policy to the effect of that described in Paragraph 26.

27. Equifax admits that it received multiple disputes from Plaintiff in 2017 and 2018. Equifax states that the disputes and any communications between Plaintiff and Equifax speak for themselves. To the extent that Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the disputes or communications with Equifax, the allegations in Paragraph 27 are denied.

28. Equifax states that the results of the reinvestigations that it conducted as a result of Plaintiff's disputes speak for themselves, and to the extent that Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the reinvestigation results that Equifax sent to Plaintiff, the allegations in Paragraph 28 are denied.

29. Equifax states that the results of the reinvestigations that it conducted as a result of Plaintiff's disputes speak for themselves, and to the extent that Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the reinvestigations that Equifax conducted, the allegations in Paragraph 29 are denied. Equifax further denies the characterization that its reinvestigations constituted an "inexplicable refus[al]" to block information. Equifax lacks

knowledge or information sufficient to form a belief as to whether Plaintiff was, in fact, the victim of identity theft.

30. Equifax states that the results of the reinvestigations that it conducted as a result of Plaintiff's disputes speak for themselves, and to the extent that Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the reinvestigation results that Equifax sent to Plaintiff, the allegations in Paragraph 30 are denied.

31. Equifax denies the allegations in Paragraph 31.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## INDIVIDUAL CLAIM AGAINST EQUIFAX

32. Equifax restates and incorporates its answers and defenses to Paragraphs 1-31 as if fully set forth herein.

33. Equifax admits the allegations in Paragraph 33.

34. Equifax states that the provisions of the FCRA speak for themselves. To the extent that Plaintiff misquotes, misstates, misrepresents, and/or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 34.

35. Equifax admits that Plaintiff submitted disputes on multiple occasions in 2017 and 2018. Equifax states that the disputes and any communications between Plaintiff and Equifax speak for themselves. To the extent that Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the disputes or communications with Equifax, the allegations in Paragraph 35 are denied.

36. Equifax denies that it failed to conduct reinvestigations into Plaintiff's disputes or that its reinvestigations were unreasonable. Equifax further states that the reinvestigation results

speak for themselves, and to the extent that Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the disputes with Equifax, the allegations in Paragraph 36 are denied.

37. Equifax denies the allegations in Paragraph 37.

## COUNT II
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## INDIVIDUAL CLAIM AGAINST EQUIFAX

38. Equifax restates and incorporates its answers and defenses to Paragraphs 1-37 as if fully set forth herein.

39. Equifax states that the provision of the FCRA cited in Paragraph 39 speaks for itself. To the extent that Plaintiff misquotes, misstates, misrepresents, and/or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 39.

40. Equifax denies the allegations in Paragraph 40.

41. Equifax denies the allegations in Paragraph 41.

42. Equifax denies the allegations in Paragraph 42.

## COUNT III
## FAILURE TO INVESTIGATE DISPUTE FCRA,
## 15 USC § 1681s-2(b)
## INDIVIDUAL CLAIM AGAINST KROSS, LIEBERMAN & STONE, INC.

Count III is not asserted against Equifax and thus no response to Paragraphs 43-50 is required. To the extent that a response is required, Equifax denies the allegations in Count III as to Equifax and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 43-50 relating to any other Defendant.

## COUNT IV
## FAILURE TO INVESTIGATE DISPUTE FCRA,
## 15 USC § 1681s-2(b)
## INDIVIDUAL CLAIM AGAINST CREDIT SOLUTIONS

Count IV is not asserted against Equifax and thus no response to Paragraphs 51-58 is required. To the extent that a response is required, Equifax denies the allegations in Count IV as to Equifax and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 51-58 relating to any other Defendant.

## COUNT V
## FAILURE TO INVESTIGATE DISPUTE FCRA,
## 15 USC § 1681s-2(b)
## INDIVIDUAL CLAIM AGAINST WYNDHAM.

Count V is not asserted against Equifax and thus no response to Paragraphs 59-66 is required. To the extent that a response is required, Equifax denies the allegations in Count V as to Equifax and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 59-66 relating to any other Defendant.

## COUNT VI
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681c-2.
## INDIVIDUAL AND CLASS CLAIM AGAINST EQUIFAX

67.     Equifax restates and incorporates its answers and defenses to Paragraphs 1-66 as if fully set forth herein

68.     Equifax admits that Plaintiff has asserted Count VI of the Complaint on behalf of himself and a putative North Carolina class pursuant to Rule 23 of the Federal Rules of Civil Procedure. Equifax denies that Count VI of the Complaint is suitable for class adjudication and that Plaintiff or the purported class members are entitled to any relief. Equifax further states that, pursuant to the first-filed rule and this Court's inherent authority, Equifax is moving to dismiss or stay Count VI of Plaintiff's Complaint in light of a previously-filed putative class action

asserting the same claim that is pending in the United States District Court for the Western District of Washington, captioned *Berg v. Equifax Information Services LLC*, Case No. 3:18-cv-05339. As a result, Count VI should be dismissed or stayed.

69. Equifax admits that Plaintiff purports to assert Count VI on behalf of a North Carolina class as defined in Paragraph 69 of the Complaint. Equifax denies that Count VI of this action is suitable for class adjudication and that Plaintiff or the purported class members are entitled to any relief. Equifax further states that, pursuant to the first-filed rule and this Court's inherent authority, Equifax is moving to dismiss or stay Count VI of Plaintiff's Complaint in light of a previously-filed putative class action asserting the same claim that is pending in the United States District Court for the Western District of Washington, captioned *Berg v. Equifax Information Services LLC*, Case No. 3:18-cv-05339. As a result, Count VI should be dismissed or stayed.

70. Equifax admits that Plaintiff purports to assert Count VI for a class period starting two years prior to the filing of this action. Equifax denies that Count VI of the Complaint is suitable for class adjudication and that Plaintiff or the purported class members are entitled to any relief. Equifax further states that, pursuant to the first-filed rule and this Court's inherent authority, Equifax is moving to dismiss or stay Count VI of Plaintiff's Complaint in light of a previously-filed putative class action asserting the same claim that is pending in the United States District Court for the Western District of Washington, captioned *Berg v. Equifax Information Services LLC*, Case No. 3:18-cv-05339. As a result, Count VI should be dismissed or stayed.

71. Equifax denies that Count VI of the Complaint is suitable for class adjudication and that Plaintiff or the purported class members are entitled to any relief. Equifax further states

that, pursuant to the first-filed rule and this Court's inherent authority, Equifax is moving to dismiss or stay Count VI of Plaintiff's Complaint in light of a previously-filed putative class action asserting the same claim that is pending in the United States District Court for the Western District of Washington, captioned *Berg v. Equifax Information Services LLC*, Case No. 3:18-cv-05339. As a result, Count VI should be dismissed or stayed.

72. Equifax admits the allegations in Paragraph 72.

73. Equifax states that the provision of the FCRA cited in Paragraph 73 speaks for itself. To the extent that Plaintiff misquotes, misstates, misrepresents, and/or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 73.

74. Equifax admits that Plaintiff submitted disputes on multiple occasions in 2017 and 2018. Equifax states that the disputes and any communications between Plaintiff and Equifax speak for themselves. To the extent that Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the disputes or communications with Equifax, the allegations in Paragraph 74 are denied.

75. Equifax admits that Plaintiff submitted disputes on multiple occasions in 2017 and 2018. Equifax states that the disputes and any communications between Plaintiff and Equifax speak for themselves. To the extent that Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the disputes or communications with Equifax, the allegations in Paragraph 75 are denied.

76. Equifax admits that Plaintiff submitted disputes on multiple occasions in 2017 and 2018. Equifax states that the disputes and any communications between Plaintiff and Equifax speak for themselves. To the extent that Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the disputes with Equifax, the allegations in Paragraph 76 are denied.

Equifax further states that the provisions of the FCRA regarding Equifax's obligations for reinvestigating Plaintiff's disputes speak for themselves. To the extent that Plaintiff misquotes, misstates, misrepresents, and/or mischaracterizes the FCRA, Equifax denies the allegations in paragraph 76.

77. Equifax states that its communications with Plaintiff speak for themselves. To the extent that Plaintiff misquotes, misstates, misrepresents, and/or mischaracterizes Equifax's communications with Plaintiff, Equifax denies the allegations in Paragraph 77. Equifax further denies the characterization that it provided an "inexplicable" response to Plaintiff's disputes.

78. Equifax states that its communications with Plaintiff speak for themselves. To the extent that Plaintiff misquotes, misstates, misrepresents, and/or mischaracterizes Equifax's communications with Plaintiff, Equifax denies the allegations in Paragraph 78. Equifax further denies the characterization that it provided a "boilerplate" response, or that it refused to comply with its obligations under the FCRA.

79. Equifax denies the allegations in Paragraph 79.

## **DEMAND FOR TRIAL BY JURY**

80. Equifax admits that Plaintiff demands a trial by jury. Equifax likewise demands a trial by jury.

## **PRAYER FOR RELIEF**

Equifax denies that Plaintiff or any member of the putative class is entitled to any relief.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim against Equifax upon which relief can be granted.

### SECOND DEFENSE

At all times relevant herein, Equifax maintained reasonable procedures in its handling of Plaintiff's consumer credit file.

### THIRD DEFENSE

Equifax has complied with the FCRA in its handling of Plaintiff's credit file, if any, and is entitled to each and every defense stated in the Act and any and all limitations of liability.

### FOURTH DEFENSE

Plaintiff has not sustained damages attributable to the conduct of Equifax.

### FIFTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

### SIXTH DEFENSE

Count VI of Plaintiff's Complaint does not meet the requirements, in whole or in part, of Rule 23 of the Federal Rules of Civil Procedure and thus cannot be maintained on a class basis.

### SEVENTH DEFENSE

Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. § 1681n.

## EIGHTH DEFENSE

The Complaint seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

## NINTH DEFENSE

Plaintiff's claims for willful violations of the FCRA are barred by the principles articulated in *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007).

## TENTH DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

## ELEVENTH DEFENSE

Count VI of the Complaint should be dismissed or stayed in light of a previously-filed putative class action asserting the same claim that is pending in the United States District Court for the Western District of Washington, captioned *Berg v. Equifax Information Services LLC*, Case No. 3:18-cv-05339. Count VI may further be barred by the doctrines of res judicata and collateral estoppel in light of the previously filed, overlapping claim in *Berg*.

Equifax reserves the right to assert additional defenses that it learns of through the course of discovery.

WHEREFORE, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) Equifax be dismissed as a party to this action;

(3) This lawsuit be deemed frivolous and Equifax recover from Plaintiff its expenses of litigation, including but not limited to attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

(4) Equifax recover such other and additional relief as the Court deems just and appropriate.

Dated: October 4, 2018

Respectfully submitted,

By: */s/ Bradley Lingo*
Bradley Lingo
North Carolina Bar No. 44018
KING & SPALDING LLP
300 South Tryon Street
Suite 1700
Charlotte, North Carolina 28202
Tel: (704) 503-2573
Fax: (704) 503-2622
blingo@kslaw.com
*Local Rule 83.1 Counsel*

Zachary A. McEntyre (*pro hac vice*)
Meryl W. Roper (*pro hac vice*)
Brandon R. Keel (*pro hac vice*)
Melanie Papadopoulos (*pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
zmcentyre@kslaw.com
mroper@kslaw.com
bkeel@kslaw.com
mpapadopoulos@kslaw.com

*Counsel for Defendant Equifax Information Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2018, a copy of the foregoing pleading was filed electronically with the clerk of court via the Court's ECF system which will send notifications to all ECF participants of record.

*/s/ Bradley Lingo*
