THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No.: 3:18-cv-00436-MOC-DSC

| | |
|---|---|
| DANA DAVIS, individually and on behalf of all others similarly situated, <br><br>        Plaintiff, <br><br>    vs. <br><br> EQUIFAX INFORMATION SERVICES, LLC, KROSS, LIEBERMAN & STONE, INC., CREDIT SOLUTIONS CORPORATION and WYNDHAM RESORT DEVELOPMENT CORPORATION, d/b/a WORLDMARK BY WYNDHAM, <br><br>       Defendants. | **AMENDED ANSWER AND COUNTERCLAIM OF DEFENDANT WYNDHAM RESORT DEVELOPMENT CORPORATION** |

Defendant Wyndham Resort Development Corporation ("Wyndham"), by and through its undersigned counsel, and amending its Answer pursuant to Rule 15 of the Federal Rules of Civil Procedure to assert a Counterclaim pursuant to Rule 13 of the Federal Rules of Civil Procedure, alleged and says as follows:

**FIRST DEFENSE**

With respect to the specific allegations contained in the Complaint, Wyndham responds as follows:

**As to "Introduction"**

1.     The content of Paragraph 1 of the Complaint does not contain any allegations that pertain to this answering Defendant. Therefore, no response is required. To the extent that

Plaintiff claims that he is a victim of identity theft with respect to a transaction involving Wyndham, any such allegation is denied.

2.      Answering Paragraph 2 of the Complaint, it is admitted that the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, as amended (the "FCRA"), is a statute, the content of which speaks for itself. Except as admitted, Paragraph 2 of the Complaint is denied.

3.      Answering Paragraph 3 of the Complaint, it is admitted upon information and belief that Defendant Equifax Information Services, LLC ("Equifax"), has reported an account with Wyndham on Plaintiff's credit report. Further answering Paragraph 3 of the Complaint, it is denied that Plaintiff is a victim of identity theft with respect to a transaction involving Wyndham. The remainder of Paragraph 3 of the Complaint is denied for lack of knowledge or information sufficient to form a belief.

4.      Answering Paragraph 4 of the Complaint, it is denied that Plaintiff's account with Wyndham was opened by an "identity thief," or that Plaintiff is a victim of identity theft with respect to a transaction involving Wyndham. The remainder of Paragraph 4 of the Complaint is denied for lack of knowledge or information sufficient to form a belief.

5.      Answering Paragraph 5 of the Complaint, it is denied that Plaintiff's account with Wyndham is fraudulent. The remainder of the allegations contained in Paragraph 5 do not pertain to Wyndham and no response is required. To the extent that a response is required, the remaining allegations contained in Paragraph 5 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

6.      Answering Paragraph 6 of the Complaint, it is admitted that Plaintiff purports to bring claims against the Defendants, including Wyndham, under the FCRA. Wyndham denies the allegations that: (i) it has falsely reported that Plaintiff owes Wyndham a balance; (ii) its

2

transaction with Plaintiff was conducted by an "identity thief"; or (iii) it had any obligation to modify information that it reported to Equifax regarding Plaintiff. Except as specifically answered hereinabove, the remainder of Paragraph 6 of the Complaint is denied for lack of knowledge or information sufficient to form a belief.

7.      Answering Paragraph 7 of the Complaint, it is denied that Plaintiff's account with Wyndham is fraudulent. The remainder of the allegations contained in Paragraph 7 of the Complaint do not pertain to Wyndham and no response is required. To the extent that a response is required, the remaining allegations contained in Paragraph 7 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

8.      Answering Paragraph 8 of the Complaint, it is denied that Plaintiff's account with Wyndham is fraudulent. The remainder of the allegations contained in Paragraph 8 of the Complaint do not pertain to Wyndham and no response is required. To the extent that a response is required, the remaining allegations contained in Paragraph 8 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

9.      Answering Paragraph 9 of the Complaint, it is admitted that the FCRA is a statute, the content of which speaks for itself. Further answering Paragraph 9 of the Complaint, it is denied that Plaintiff's account with Wyndham is fraudulent. The remainder of the allegations contained in Paragraph 9 of the Complaint do not pertain to Wyndham and no response is required. To the extent that a further response is required, the remaining allegations contained in Paragraph 9 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

10.      Answering Paragraph 10 of the Complaint, it is admitted that Plaintiff purports to assert claims for certain damages. Further answering Paragraph 10 of the Complaint, it is denied

that Plaintiff is entitled to recover any damages from Wyndham. The remainder of Paragraph 10 of the Complaint is denied.

## As to "Jurisdiction"

11. Answering Paragraph 11 of the Complaint, Wyndham admits that Plaintiff purports to state a basis for jurisdiction, but denies that it violated the FCRA or engaged in any other act or omission by which to establish jurisdiction in this Court, and therefore denies the allegations contained in Paragraph 11 of the Complaint.

12. Answering Paragraph 12 of the Complaint, Wyndham admits that Plaintiff purports to state a basis for venue, but denies that it had communications with Plaintiff in this district. As Plaintiff has not specified which "Defendant" it contends conducts business in this district, Wyndham denies that allegation due to lack of knowledge or information sufficient to form a belief. The remainder of Paragraph 12 of the Complaint is denied.

## As to "Parties"

13. Answering Paragraph 13 of the Complaint, it is admitted upon information and belief that Plaintiff is or was at one time a resident of Charlotte, North Carolina, and that Plaintiff is an "individual" as such term is used in the definition of "consumer" set forth at 15 U.S.C. § 1681a(c).

14. The allegations contained in Paragraph 14 of the Complaint are admitted upon information and belief.

15. The allegations contained in Paragraph 15 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

16. The allegations contained in Paragraph 16 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

4

17. The allegations contained in Paragraph 17 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

18. Answering Paragraph 18 of the Complaint, Wyndham admits that it is a corporation, that it sometimes does business as "Worldmark by Wyndham," and that it conducts business in the State of Nevada. Except as admitted, Paragraph 18 is denied.

### As to "Factual Allegations"

19. The allegations contained in Paragraph 19 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

20. Answering Paragraph 20 of the Complaint, it is denied that Plaintiff's account with Wyndham is fraudulent. The remaining allegations contained in Paragraph 20 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

21. Answering Paragraph 21 of the Complaint, it is denied that Plaintiff's account with Wyndham is fraudulent. The remaining allegations contained in Paragraph 21 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

22. The allegations contained in Paragraph 22 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

23. The allegations contained in Paragraph 23 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

24. The allegations contained in Paragraph 24 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

25. Answering Paragraph 25 of the Complaint, it is denied that Plaintiff's account with Wyndham is fraudulent. The remaining allegations contained in Paragraph 25 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

5

26.     Answering Paragraph 26 of the Complaint, it is admitted that the FCRA is a statute, the content of which speaks for itself.  The remaining allegations contained in Paragraph 26 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

27.     Answering Paragraph 27 of the Complaint, it is denied that Plaintiff's account with Wyndham is fraudulent, or that Plaintiff is a victim of identity theft with respect to a transaction involving Wyndham.  The remaining allegations contained in Paragraph 27 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

28.     The allegations contained in Paragraph 28 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

29.     Answering Paragraph 29 of the Complaint, it is admitted that the FCRA is a statute, the content of which speaks for itself.  Further answering Paragraph 29, it is denied that Plaintiff's account with Wyndham is fraudulent, or that Plaintiff is a victim of identity theft with respect to a transaction involving Wyndham.  The remaining allegations contained in Paragraph 29 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

30.     The allegations contained in Paragraph 30 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

31.     The allegations contained in Paragraph 31 of the Complaint are denied as to Wyndham.  The remaining allegations contained in Paragraph 31 are denied for lack of knowledge or information sufficient to form a belief.

### As to "Count I"

32.     Wyndham realleges and incorporates herein by reference its answers to Paragraphs 1-31 of the Complaint, as though more fully set forth herein.

33.     15 U.S.C. § 1681a(c) does not contain the definition of "consumer reporting agency," and the allegations of Paragraph 33 of the Complaint are therefore denied.

34.     Answering Paragraph 34 of the Complaint, it is admitted that the FCRA is a statute, the content of which speaks for itself.  To the extent that Plaintiff's allegations in Paragraph 34 vary from the requirements of the FCRA, those allegations are denied.

35.     Answering Paragraph 35 of the Complaint, it is denied that Plaintiff's account with Wyndham is fraudulent, or that Plaintiff is a victim of identity theft with respect to a transaction involving Wyndham.  The remaining allegations contained in Paragraph 35 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

36.     Answering Paragraph 36 of the Complaint, it is denied that Plaintiff's account with Wyndham is fraudulent, or that Plaintiff is a victim of identity theft with respect to a transaction involving Wyndham.  The remaining allegations contained in Paragraph 36 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

37.     The allegations contained in Paragraph 37 of the Complaint do not pertain to Wyndham, and no response is therefore required.  To the extent that a response is required, the allegations contained in Paragraph 37 of the Complaint are denied.

### As to "Count II"

38.     Wyndham realleges and incorporates herein by reference its answers to Paragraphs 1-37 of the Complaint, as though more fully set forth herein.

39.     Answering Paragraph 39 of the Complaint, it is admitted that the FCRA is a statute, the content of which speaks for itself.  To the extent that Plaintiff's allegations in Paragraph 39 of the Complaint vary from the requirements of the FCRA, those allegations are denied.

7

40. Answering Paragraph 40 of the Complaint, it is denied that Plaintiff's account with Wyndham is fraudulent, that Plaintiff is a victim of identity theft with respect to a transaction involving Wyndham, or that any information regarding Plaintiff's transaction with Wyndham should have been altered or removed on the basis of purported identity theft or fraud, the existence of which is denied. The remaining allegations contained in Paragraph 40 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

41. Answering Paragraph 41 of the Complaint, it is denied that Plaintiff's account with Wyndham is fraudulent or that Plaintiff is a victim of identity theft with respect to a transaction involving Wyndham. The remaining allegations contained in Paragraph 41 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

42. The allegations contained in Paragraph 42 of the Complaint do not pertain to Wyndham, and therefore no response is required. To the extent that a response is required, the allegations contained in Paragraph 42 of the Complaint are denied.

## As to "Count III"

43. Wyndham realleges and incorporates herein by reference its answers to Paragraphs 1-42 of the Complaint, as though more fully set forth herein.

44. Answering Paragraph 44 of the Complaint, it is admitted that the FCRA is a statute, the content of which speaks for itself. To the extent that Plaintiff's allegations in Paragraph 44 of the Complaint vary from the requirements of the FCRA, those allegations are denied.

45. The allegations contained in Paragraph 44 of the Complaint do not pertain to Wyndham, and therefore no response is required. To the extent that a response is required, the

allegations contained in Paragraph 45 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

46.     The allegations contained in Paragraph 46 of the Complaint do not pertain to Wyndham, and therefore no response is required.  To the extent that a response is required, the allegations contained in Paragraph 46 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

47.     Answering Paragraph 47 of the Complaint, it is admitted that the FCRA is a statute, the content of which speaks for itself.  To the extent that Plaintiff's allegations in Paragraph 47 vary from the requirements of the FCRA, those allegations are denied.

48.     The allegations contained in Paragraph 48 of the Complaint do not pertain to Wyndham, and therefore no response is required.  To the extent that a response is required, the allegations contained in Paragraph 48 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

49.     The allegations contained in Paragraph 49 of the Complaint do not pertain to Wyndham, and therefore no response is required.  To the extent that a response is required, the allegations contained in Paragraph 49 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

50.     The allegations contained in Paragraph 50 of the Complaint do not pertain to Wyndham, and therefore no response is required.  To the extent that a response is required, the allegations contained in Paragraph 50 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

## As to "Count IV"

51.    Wyndham realleges and incorporates herein by reference its answers to Paragraphs 1-50 of the Complaint, as though more fully set forth herein.

52.    Answering Paragraph 52 of the Complaint, it is admitted that the FCRA is a statute, the content of which speaks for itself.  To the extent that Plaintiff's allegations in Paragraph 52 of the Complaint vary from the requirements of the FCRA, those allegations are denied.

53.    The allegations contained in Paragraph 53 of the Complaint do not pertain to Wyndham, and therefore no response is required.  To the extent that a response is required, the allegations contained in Paragraph 53 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

54.    The allegations contained in Paragraph 54 of the Complaint do not pertain to Wyndham, and therefore no response is required.  To the extent that a response is required, the allegations contained in Paragraph 54 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

55.    Answering Paragraph 55 of the Complaint, it is admitted that the FCRA is a statute, the content of which speaks for itself.  To the extent that Plaintiff's allegations in Paragraph 55 vary from the requirements of the FCRA, those allegations are denied.

56.    The allegations contained in Paragraph 56 of the Complaint do not pertain to Wyndham, and therefore no response is required.  To the extent that a response is required, the allegations contained in Paragraph 56 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

57.     The allegations contained in Paragraph 57 of the Complaint do not pertain to Wyndham, and therefore no response is required.  To the extent that a response is required, the allegations contained in Paragraph 57 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

58.     The allegations contained in Paragraph 58 of the Complaint do not pertain to Wyndham, and therefore no response is required.  To the extent that a response is required, the allegations contained in Paragraph 58 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

## As to "Count V"

59.     Wyndham realleges and incorporates herein by reference its answers to Paragraphs 1-58 of the Complaint, as though more fully set forth herein.

60.     Answering Paragraph 60 of the Complaint, it is admitted that the FCRA is a statute, the content of which speaks for itself.  To the extent that Plaintiff's allegations in Paragraph 60 of the Complaint vary from the requirements of the FCRA, those allegations are denied.

61.     Answering Paragraph 61 of the Complaint, it is admitted upon information and belief that Plaintiff asserted to one or more credit bureaus that he disputed the accuracy of information reported by Wyndham concerning Plaintiff and his account with Wyndham.  The remainder of the allegations contained in Paragraph 61 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

62.     Answering Paragraph 62 of the Complaint, it is admitted that Wyndham received notice that Plaintiff disputed the accuracy of certain information reported by Wyndham.  Except as admitted, the allegations of Paragraph 62 of the Complaint are denied.

63. Answering Paragraph 63 of the Complaint, it is admitted that the FCRA is a statute, the content of which speaks for itself. To the extent that Plaintiff's allegations in Paragraph 63 vary from the requirements of the FCRA, those allegations are denied.

64. The allegations contained in Paragraph 64 of the Complaint are denied.

65. The allegations contained in Paragraph 65 of the Complaint are denied.

66. The allegations contained in Paragraph 66 of the Complaint are denied.

## As to "Count VI"

67. Wyndham realleges and incorporates herein by reference its answers to Paragraphs 1-66 of the Complaint, as though more fully set forth herein.

68. Answering Paragraph 68 of the Complaint, it is admitted that Plaintiff purports to assert "Count VI" of the Complaint as an "Individual and Class Claim Against Equifax." The allegations contained in Paragraph 68 of the Complaint do not pertain to Wyndham, and therefore no response is required. To the extent that a response is required, the allegations contained in Paragraph 68 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

69. Answering Paragraph 69 of the Complaint, it is denied that any reference to "Defendant" therein refers to Wyndham, as "Count VI" specifically states that the claim is asserted against Equifax only. The allegations contained in Paragraph 69 of the Complaint do not pertain to Wyndham, and therefore no response is required. To the extent that a response is required, the allegations contained in Paragraph 69 of the Complaint are denied as to Wyndham, and otherwise denied as to any other Defendants for lack of knowledge or information sufficient to form a belief.

12

70. The allegations contained in Paragraph 70 of the Complaint do not pertain to Wyndham, and therefore no response is required. To the extent that a response is required, the allegations contained in Paragraph 70 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

71. Answering Paragraph 71 of the Complaint and all subparagraphs therein, it is denied that any reference to "Defendant" or "Defendants" therein refers to Wyndham, as "Count VI" specifically states that the claim is asserted against Equifax only. The allegations contained in Paragraph 71 of the Complaint and all subparagraphs therein do not pertain to Wyndham, and therefore no response is required. To the extent that a response is required, the allegations contained in 71 of the Complaint, and all subparagraphs therein, are denied as to Wyndham, and are otherwise denied as to any other Defendants for lack of knowledge or information sufficient to form a belief.

72. 15 U.S.C. § 1681a(c) does not contain the definition of "consumer reporting agency," and the allegations of Paragraph 72 of the Complaint are therefore denied.

73. Answering Paragraph 73 of the Complaint, it is admitted that the FCRA is a statute, the content of which speaks for itself. To the extent that Plaintiff's allegations in Paragraph 73 vary from the requirements of the FCRA, those allegations are denied.

74. Answering Paragraph 74 of the Complaint, it is denied that Plaintiff's account with Wyndham is fraudulent or that Plaintiff is a victim of identity theft with respect to a transaction involving Wyndham. The remaining allegations contained in Paragraph 74 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

75. Answering Paragraph 75 of the Complaint, it is denied that Plaintiff's account with Wyndham is fraudulent or that Plaintiff is a victim of identity theft with respect to a

13

transaction involving Wyndham. The remaining allegations contained in Paragraph 75 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

76. The allegations contained in Paragraph 76 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

77. Answering Paragraph 77 of the Complaint, it is denied that Plaintiff's account with Wyndham is fraudulent or that Plaintiff is a victim of identity theft with respect to a transaction involving Wyndham. The remaining allegations contained in Paragraph 77 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

78. The allegations contained in Paragraph 78 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

79. The allegations contained in Paragraph 79 of the Complaint do not pertain to Wyndham, and therefore no response is required. To the extent that a response is required, the allegations contained in Paragraph 79 of the Complaint are denied for lack of knowledge or information sufficient to form a belief.

80. Answering Paragraph 80 of the Complaint, it is admitted that Plaintiff has requested a trial by jury on all issues so triable.

81. All allegations contained in the Complaint that are not expressly admitted, qualified, or explained above, including Plaintiff's Prayer for Relief, are denied.

## **SECOND DEFENSE**

Wyndham denies that Plaintiff has suffered any damage or injury. Alternatively, to the extent that Plaintiff alleges that he was harmed or injured, such harm or injury was caused, in whole or in part, by persons or factors unrelated to Wyndham. Further, Wyndham denies that it directed, authorized, or ratified any such action.

### THIRD DEFENSE

Wyndham specifically denies that any act or omission on its part was the actual cause in fact of any injury or damage to Plaintiff.

### FOURTH DEFENSE

Wyndham specifically denies that any act or omission on its part was the proximate cause of any injury or damage to Plaintiff.

### FIFTH DEFENSE

The information reported by Wyndham regarding Plaintiff and/or Plaintiff's account with Wyndham was, at the time it was reported, true to the best of Wyndham's knowledge. Wyndham pleads the truth of its reporting in bar of Plaintiff's claims against it.

### SIXTH DEFENSE

Wyndham complied with its duties and obligations under the FCRA with respect to Plaintiff's claimed dispute regarding information reported by Wyndham, and performed a reasonable investigation in relation thereto.

### SEVENTH DEFENSE

Without waiving any other defenses, if it is determined that Wyndham is in any way liable to Plaintiff, which has been and is again denied, then it is alleged, upon information and belief, that someone other than Wyndham was negligent and that any or all of these other acts of negligence were a proximate cause or the proximate cause of any injuries and/or damages alleged to have been received by Plaintiff, and that such negligence constituted a new and unforeseeable intervening and superseding negligence and intervening and superseding proximate cause of Plaintiff's alleged injuries and damages, the existence of which have been and are again denied, and such intervening negligence and superseding negligence insulated any

15

negligence on the part of Wyndham; and the affirmative defense of intervening and superseding negligence is pleaded in bar to any recovery by Plaintiff of Wyndham in this action.

## **EIGHTH DEFENSE**

Without waiving any other defenses, if it is determined that Wyndham is in any way liable to Plaintiff, which has been and is again denied, then it is alleged, upon information and belief, that someone other than Wyndham performed subsequent intentional acts, and that any or all of these subsequent intentional acts were a proximate cause or the proximate cause of any injuries and damages alleged to have been received by Plaintiff, and that such subsequent intentional acts constituted a new intervening and superseding proximate cause of Plaintiff's alleged injuries and damages, the existence of which have been and are again denied, and such new and unforeseeable intervening and superseding subsequent intentional acts insulated any negligence on the part of Wyndham; and the affirmative defense of intervening and superseding subsequent intentional acts is pleaded in bar to any recovery by Plaintiff of Wyndham in this action

## **NINTH DEFENSE**

Plaintiff has unclean hands, which doctrine is hereby pleaded in bar of and as an affirmative defense to Plaintiff's claims and action herein.

## **TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to satisfy any conditions precedent required to assert such claims, including, but not limited to, failing to follow any procedures required under the FCRA.

16

## ELEVENTH DEFENSE

Plaintiff's claim against Wyndham is barred in whole or in part by his own comparative and/or contributory negligence.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate his damages, the existence of which have been denied.

## THIRTEENTH DEFENSE

If Wyndham is determined to be liable to Plaintiff for any acts and/or omissions, which has been and is again denied, then such acts and/or omissions fail to rise to the level required to sustain an award of punitive damages.

## FOURTEENTH DEFENSE

If Wyndham is determined to be liable to Plaintiff for any acts and/or omissions, which has been and is again denied, then an award of punitive damages against it is unwarranted under the circumstances in this case, and would violate the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

## FIFTEENTH DEFENSE

Upon information and belief, Plaintiff's claim against Wyndham was asserted by Plaintiff in bad faith or for the purposes of harassment of Wyndham, and Wyndham reserves the right to request its attorney's fees pursuant to 15 U.S.C. § 1681n(c) and/or 15 U.S.C. § 1881o(b).

## SIXTEENTH DEFENSE

Wyndham expressly reserves any additional and further defenses as may be revealed during discovery or upon receipt of additional information.

17

## COUNTERCLAIM

(Breach of Contract)

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, the Defendant Wyndham Resort Development Corporation ("Wyndham"), by and through counsel, for its Counterclaim against the Plaintiff, states as follows:

1.    Wyndham is a corporation organized and existing under the laws of the State of Oregon, with its principal place of business located in the State of Florida and a business location in the State of Nevada.

2.    Upon information and belief, Plaintiff and Counter-Defendant Dana Davis ("Davis") is a citizen and resident of Charlotte, Mecklenburg County, North Carolina.

3.    This Court has supplemental jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367, on grounds that the claims herein form part of the same case or controversy as alleged in the Plaintiffs' Complaint.

4.    Davis is subject to the personal jurisdiction of this Court on the grounds that he is a citizen and resident of Charlotte, Mecklenburg County, North Carolina.

6.    Venue is proper under 28 U.S.C. § 1391, on the grounds that Davis is physically located in this District.

7.    On June 10, 2016, Davis entered into a valid and enforceable Retail Installment Contract Vacation Owner Agreement (the "Agreement") with Wyndham, whereby Wyndham agreed to sell to Davis, and Davis agreed to purchase from Wyndham, ten thousand (10,000) vacation credits (the "Credits") for use at certain vacation resorts operated by Wyndham.

8.    Under the terms of the Agreement, Davis agreed to purchase the Credits for the gross purchase price of $33,500.00, less certain discounts and credits and including a processing

fee, for a total cash price of $24,949.00.

9. Davis made an initial down payment on the Credits in the amount of $3,742.35, and financed the remaining amount owed to Wyndham under the Agreement.

10. Pursuant to the Agreement, Davis agreed to pay for the balance of the purchase price by making one hundred twenty (120) monthly payments of $329.25 (each, a "Credit Payment") to Wyndham.

11. In addition to the foregoing, under the terms of the Agreement Davis agreed to pay annual dues for the Credits in the beginning yearly amount of $752.43, paid in monthly installments of $62.70 (each, a "Dues Payment").

12. Following Davis' execution of the Agreement, Davis paid two (2) Dues Payment installments. Thereafter, Davis failed to pay any further Dues Payments when due under the Agreement.

13. Following Davis' execution of the Agreement, Davis failed to pay any Credit Payments when due under the Agreement.

14. As a result of Davis' failure to make payments when due under the Agreement and breach thereof, Wyndham declared Davis in default thereunder, accelerated the balance due under the Agreement and declared the entire balance immediately due and payable.

15. Wyndham is the current owner and holder of all rights, title, and interest in and to the Agreement and all documents related to the Agreement.

16. All conditions precedent under the Agreement have been satisfied by Wyndham, and Wyndham has fully performed its obligations under the Agreement.

17. Wyndham has made demand upon Davis for payment under the Agreement, but Davis has failed and refused, and continues to refuse, to make payment as requested.

18. After the proper application of any payments or other credits due Davis, if any, Davis remains indebted to Wyndham under the Agreement for the sum of no less than $21,206.65, plus interest thereon.

19. As a direct and proximate result of Davis' breach of the Agreement, Wyndham is entitled to recover the entire balance due thereunder from Davis, with all interest due thereon.

**WHEREFORE**, having answered each and every allegation contained in Plaintiff's Complaint, and asserting a Counterclaim against Plaintiff, Wyndham makes the following prayer for relief:

1. That Plaintiff have and recover nothing from Wyndham by way of his Complaint;

2. That it have and recover a judgment against Plaintiff as set forth in its Counterclaim;

3. That the costs of this matter be taxed to the Plaintiff, including attorneys' fees;

4. That the Court award appropriate costs and fees to Wyndham; and

5. For such other and further relief as the Court may deem just and proper.

Respectfully submitted, this the 24th day of October, 2018.

s/ James C. Smith
James C. Smith, N.C. Bar No. 8510
s/ C. Grainger Pierce, Jr.
C. Grainger Pierce, Jr., N.C. Bar No. 27305
Attorneys for Defendant Wyndham Resort
    Development Corporation
Nexsen Pruet, PLLC
227 West Trade Street, Suite 1550
Charlotte, NC 28202
Telephone: (704) 339-0304
Fax: (704) 805-4712
E-mail: jsmith@nexsenpruet.com
    gpierce@nexsenpruet.com

20

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing pleading or paper with the Clerk of the court using the CM/ECF system, and I hereby certify that the foregoing document was duly served upon counsel for the Plaintiff in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure by depositing it in the United States Mail, first-class postage prepaid, addressed as follows:

Josef C. Culik
Fairview Law
6000 Fairview Road, Suite 6000
Charlotte, NC  28210
*Attorney for Plaintiff*

Joseph Z. Frost
Stubbs & Perdue, P.A.
9208 Falls of Neuse Road, Suite 201
Raleigh, NC  27615
*Attorney for Defendant Kross, Lieberman & Stone, Inc.*

Bradley Lingo
King & Spalding LLP
300 South Tryon Street, Suite 1700
Charlotte, NC  28202
*Attorney for Defendant Equifax Information Services, LLC*

Credit Solutions Corporation
404 Camino del Rio, Suite 400
San Diego, CA  92108

This the 24th day of October, 2018.

s/ C. Grainger Pierce, Jr.
C. Grainger Pierce, Jr., N.C. Bar No. 27305
Attorney for Defendant Wyndham Resort
      Development Corporation
Nexsen Pruet, PLLC
227 West Trade Street, Suite 1550
Charlotte, NC  28202
Telephone: (704) 339-0304
Fax: (704) 805-4712
E-mail: gpierce@nexsenpruet.com

21